Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEON JOVAN WILLIAMS,<br><br>Defendant. | CASE NO.  MJ25-695<br><br>COMPLAINT for VIOLATION<br><br>Title 18, U.S.C. Section 922(g) |

BEFORE, Brian A. Tsuchida, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

**(Felon in Possession of a Firearm)**

On or about October 8, 2025, in King County, within the Western District of Washington, the defendant, DEON JOVAN WILLIAMS, knowing he had been convicted

Complaint - 1
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the following crimes punishable by a term of imprisonment exceeding one year:

a. *Theft in the First Degree,* in King County Superior Court, under cause number 19-1-05400-6, dated on or about July 16, 2021;

b. *Tampering with a Witness,* in King County Superior Court, under cause number 14-1-00097-5, dated on or about February 6, 2015;

c. *Residential Burglary*, in King County Superior Court, under cause number 09-1-04375-9, dated on or about August 7, 2009; and

d. *Assault in the Third Degree,* in King County Superior Court, under cause number 08-1-11556-5, dated on or about December 15, 2008.

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Springfield Armory XD, serial number XD757661, which had been shipped or transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g).

And the complainant states that this Complaint is based on the following information:

I, Araceli Lopez Padilla, being first duly sworn on oath, depose and say:

## **INTRODUCTION**

1.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since July 2024. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2.      I am currently assigned to the Seattle Field Division, where I am a member of the Violent Crime, Gang, and Transnational Organized Crime – Western Hemisphere squad. In this capacity, I investigate, inter alia, violations of federal criminal laws related to firearms and narcotics.

Complaint - 2
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.    In my role as a Special Agent for the FBI, I have participated in gang and narcotics investigations that have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotics-related evidence, firearms, and the forfeiture of narcotics-related assets. I have been involved in the service of federal warrants as part of these investigations. I have received over 400 hours of classroom training including, but not limited to, gang investigations, drug identification, drug interdiction, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in gang activity, firearms trafficking, and trafficking of controlled substances.

4.    When this Affidavit refers to identification documents, either I or other agents involved in the investigation have reviewed the relevant driver license or similar records maintained by DOL or the equivalent agencies in other states.  When I refer to the criminal history of a subject, either I or other agents involved in the investigation have reviewed the available criminal history from state or federal agencies.  When I refer to beliefs or suspicions held by investigators, these beliefs or suspicions are based upon training and experience.

5.    The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, it does not set forth each and every fact that I or others have learned during the course of this investigation.

Complaint - 3
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SUMMARY OF PROBABLE CAUSE

**A.    WILLIAMS' Criminal History**

6.    I have reviewed court and law enforcement records related to DEON JOVAN WILLIAMS' criminal history. I have determined that WILLIAMS has been convicted of multiple felonies including, *Theft in the First Degree*, in King County Superior Court, under cause number 19-1-05400-6, dated on or about July 16, 2021; *Tampering with a Witness*, in King County Superior Court, under cause number 14-1-00097-5, dated on or about February 6, 2015; *Residential Burglary*, in King County Superior Court, under cause number 09-1-04375-9, dated on or about August 7, 2009; and *Assault in the Third Degree*, in King County Superior Court, under cause number 08-1-11556-5, dated on or about December 15, 2008.

**B.    WILLIAMS' Arrest**

7.    In early September 2025, FBI Task Force Officer (TFO) Jon Huber, a Seattle Police Department (SPD) Detective in the Gang Violence Reduction Unit, learned that WILLIAMS had active warrants out for his arrest, including a Las Vegas Metro Police Department Felony Warrant for Robbery and Child Abuse, King County Sheriff's Office Felony Warrant for Assault-2 (DV), King County Sheriff's Office Felony Warrant for Assault-4 (DV), and King County Sheriff's Office Felony Warrant for Felony Harassment (DV). As a detective in the Gun Violence Reduction Unit and a Federal Task Force Officer with the FBI, TFO Huber's duties include locating and arresting wanted subjects. TFO Huber obtained a state search warrant to obtain device location information, also known as pings, for a cellphone that was being used by WILLIAMS.

8.    From the end of September through early October of 2025, investigators conducted surveillance of WILLIAMS. Investigators repeatedly witnessed WILLIAMS driving a silver Dodge Ram pickup with Washington license plate number D41010A. This vehicle is registered to Sergey Semenov, at 112 2nd Avenue South, Algona, WA. During the two-week surveillance period, investigators saw WILLIAMS driving in this

Complaint - 4
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

vehicle on a regular basis. This was the only vehicle investigators saw WILLIAMS drive, and WILLIAMS was the only person investigators saw drive the vehicle. The vehicle is depicted below:



9.      While conducting surveillance on WILLIAMS, investigators never saw WILLIAMS go to a place of work. Investigators saw WILLIAMS drive around South Seattle and the Renton area. WILLIAMS would make frequent stops in parking lots of businesses, but would not go inside. Investigators repeatedly observed people approach the pickup truck and make contact with WILLIAMS.

10.     On October 1, 2025, investigators located WILLIAMS in the pickup truck in a Walmart parking lot located at 743 Rainier Avenue South, Renton, WA. Investigators observed two people separately approach WILLIAMS' vehicle within a ten-minute time period. In both instances, investigators saw WILLIAMS interact with the

Complaint - 5
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

person through the window of his truck. The interactions were very short, both lasting less than a minute.

11. On October 6, 2025, investigators saw WILLIAMS pull into the parking lot of O'Reilly Auto Parts located at 307 Rainier Avenue South, Renton, WA. Investigators observed a man walk up to the truck and interact with WILLIAMS through the window. After approximately two minutes, the man walked away from the truck. WILLIAMS then pulled out of the lot and drove off. WILLIAMS never got out of the vehicle. He was in the lot for less than five minutes.

12. Based on my training, experience, and speaking with other investigators, I know this type of behavior is consistent with trafficking in narcotics. Short, quick meetings in busy parking lots are often indicative of drug dealing activity. In these instances, and in other instances over the course of the two-week surveillance period, investigators were not able to see everything happening during interactions with WILLIAMS, as the large size of the pickup truck partially obstructed their view. However, in my training and experience, the conduct witnessed is consistent with short-stay drug trafficking.

13. On October 8, 2025, TFO Huber undertook an operation to locate and arrest WILLIAMS on his outstanding warrants. Over the course of surveillance, investigators learned that WILLIAMS sometimes stayed overnight at 32014 11th Avenue Southwest, Federal Way, WA. At approximately 5:30 a.m. on October 8, surveillance personnel located the pickup truck parked outside this address. At approximately 9:15 a.m., surveillance personnel observed WILLIAMS exit this address through the garage and get into the truck. WILLIAMS then drove away northbound on 11th Avenue Southwest. Surveillance personnel followed, and saw WILLIAMS drive to a Safeway located at 200 South 3rd Street, Renton, WA. WILLIAMS then parked the truck in the fire lane and went inside the store. From the time WILLIAMS entered the pickup truck until the time he exited the vehicle at Safeway, investigators, including, at points, myself and TFO Huber,

Complaint - 6
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

surveilled WILLIAMS and did not observe any other occupant enter, exit, or access the vehicle at any time. Investigators also did not observe anyone enter, exit, or access the vehicle while WILLIAMS was inside the Safeway.

14. A few minutes after entering Safeway, WILLIAMS exited the store. Before WILLIAMS returned to the pickup, Seattle Police SWAT personnel moved in and attempted to arrest him. WILLIAMS did not comply with orders to get on the ground and took off running southbound through the parking lot. After a short foot pursuit, WILLIAMS was taken into custody without further incident. WILLIAMS was in possession of a cell phone at the time of the arrest.

15. TFO Huber advised WILLIAMS of his constitutional rights, which WILLIAMS said he understood. WILLIAMS then agreed to speak with law enforcement. TFO Huber explained to Williams he was under arrest for his outstanding warrants. TFO Huber asked WILLIAMS if there were any drugs or guns in the pickup truck. In response, WILLIAMS said that it was not his truck. He stated he had just picked up the truck earlier that day from a friend, and repeated that the truck did not belong to him. However, when informed that the truck would be towed, WILLIAMS asked investigators, "where are you taking my truck?" WILLIAMS declined to give his consent to search the vehicle.

16. FBI TFO Will Shaub, an SPD Detective in the Narcotics Unit and K9 handler, who has extensive knowledge in drugs and drug trafficking in the greater Seattle area, was on scene with his narcotics K9 Devon at the time of WILLIAMS' arrest. TFO Shaub and K9 Devon conducted an exterior sniff of the Dodge Ram pickup truck where it was parked in the Safeway parking lot. TFO Shaub advised TFO Jon Huber that K9 Devon had alerted to the presence of narcotics odor on the exterior of the vehicle. When TFO Huber informed WILLIAMS that his car was being towed following the positive K9 alert, WILLIAMS accused the investigators of lying about the positive K9 alert, saying that he did not even see a dog.

Complaint - 7
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.    WILLIAMS was booked into the King County Jail on his arrest warrants. Investigators waited in the Safeway parking lot for a tow truck for the pickup truck. While investigators were waiting for the tow truck, three separate people approached them, stated that they were friends of WILLIAMS, and requested to retrieve unknown items from the truck. Their requests were denied.

18.    The truck was then towed to the SPD's secured storage facility for later processing.

19.    The next day, October 9, 2025, TFO Huber applied for and obtained a state search warrant to search the pickup truck for evidence of the crime of possession with intent to manufacture or deliver a controlled substance. That same day, investigators, including TFO Huber and myself, executed the search. Among other items, investigators found approximately 87 grams of suboxone strips in the center console and discarded green cellophane wrapping underneath the driver's seat. Investigators also found a .45 caliber Springfield Armory handgun with a loaded magazine inserted into the magazine well. The handgun was wedged between the driver's seat and center console, with the barrel parallel to the floorboard and pointed towards the rear seats so that the handgrip was facing up and directly accessible to the right hand of the driver. Below is a photograph taken of the firearm as it was found during the search:



20.     On or about October 20, 2025, Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Kit Radosevich, a certified Interstate Firearms and Ammunition Nexus Expert, who has been trained in the recognition of firearms and ammunition and their origin of manufacture, examined the handgun removed from WILLIAMS' vehicle on October 9, 2025. SA Radosevich provided a preliminary determination that the handgun was not manufactured in Washington State. Based upon her experience, knowledge, and research, she opined that the handgun recovered from WILLIAMS' vehicle on August 15, 2024, meets the definition of a firearm under Title 18, United States Code, Section 921(a)(3). Furthermore, it is SA Radosevich's opinion that, because the handgun was not manufactured in Washington State, it therefore must have traveled in, and thereby affected, interstate commerce if it was received or possessed in Washington State.

//
//
//

Complaint - 9
*United States v. Williams* / USAO# 2025R01218

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

21.     Based on the above facts, I respectfully submit that there is probable cause to believe that DEON JOVAN WILLIAMS committed the offense alleged in this Complaint.

*Araceli Lopez Padilla*
_____
Araceli Lopez Padilla, Complainant
Special Agent, Federal Bureau of Investigation

The above-named Special Agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by reliable electronic means on this _____ day of October, 2025. Based on the Complaint and the sworn statement, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this __31st__ day of October, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970